IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| JAMES T. MITCHELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-05662 |
| | ) (Criminal No. 2:99-00083) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 29), filed on June 23, 2016; and (2) The United States' "Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling" (Document No. 36), filed on August 1, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 30.)

**FACTUAL AND PROCEDURAL BACKGROUND**

**A     Criminal Action No. 2:99-00083:**

On June 10, 1999, Movant pled guilty to a single count Indictment charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 2:99-00083, Document No. 5 - 7.) A Presentence Investigation Report was prepared. The District Court determined Movant had an Base Offense Level of 32, and a Total Offense Level of 37, the Court having applied an enhancement pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status. The District Court sentenced Movant on August 31, 1999, to a 262-month term of imprisonment to be followed by a five-year term of

supervised release. (Id., Document No. 19.) The District Court also imposed a $100 special assessment and a $1,000 fine. (Id.) Movant did not file a direct appeal with the Fourth Circuit Court of Appeals.

**B.     Section 3582 Motions:**

On March 21, 2008, Petitioner filed his first letter-form Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582 based upon the lowering of the crack cocaine guideline ranges. (Id., Document No. 22.) By Memorandum Opinion and Order entered on June 11, 2009, the District Court denied Movant's letter-form Motion. (Id., Document No. 23.) Movant filed his second Section 3582 Motion on October 18, 2013. (Id., Document No. 24.) By Order entered on March 24, 2014, the District Court denied Movant's Motion after finding that Movant was not eligible for a sentencing reduction under the amended Guidelines. (Id., Document No. 25.)

**C.     Section 2255 Motion:**

On June 23, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and First Assistant Federal Public Defender David R. Bungard, filed his "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255." (Civil Action No. 2:16-05662, Document No. 29.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argues that he is entitled to relief under "Section 2255(f)(3) because he filed [his Motion] within one year of the Supreme Court's decision in Johnson – a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" (Id.) Movant contends that in light of Johnson, he "is no longer a career offender because his 1994 conviction for conspiracy to commit murder no longer qualifies as a career offender 'crime of violence.'" (Id.) Additionally,

counsel states that they were unable to fully brief the issues presented in the Section 2255 Motion due to time constraints and "counsel will ask for leave to supplement this petition at a later time." (Id., p. 3.)

By Order entered on June 30, 2016, the undersigned directed Movant to file any supplemental brief in support of his Section 2255 Motion by August 1, 2016, and directed the United States to file its Answer by September 12, 2016. (Id., Document No. 32.) On August 1, 2016, Movant, by counsel, filed his "Supplemental Memorandum in Support of Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 35.) Movant argues that under Johnson, Movant "is no longer a career offender because his prior West Virginia conviction for conspiracy to commit murder no longer qualifies as a crime of violence under any portion of the career offender definition." (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that "[i]t follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (Id.) Movant argues that he is entitled to relief under "Section 2255(h)(2) because *Johnson* establishes a 'new rule of constitutional law' that has been 'made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Id.) Thus, Movant concludes that his prior conviction does not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant argues that his prior conviction does not qualify as crimes of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, argues that "in light of *Johnson*, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (Id.)

On August 1, 2016, the United States filed its Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 36.) Specifically,

the United States requests that the District Court (1) withdraw the referral of the case to the Magistrate Judge, and (2) stay the case pending resolution of Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). (Id.) On August 4, 2016, Movant, by counsel, filed his Response in Opposition. (Id., Document No. 37.)

On October 5, 2016, following the granting of an extension of time, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 40.) First, the United States claims that Movant has not satisfied his burden of proving that Johnson made any difference in his original sentence. (Id., pp. 5 – 8.) Second, the United States argues Movant's claims were not timely filed. (Id., pp. 8 – 16.) Third, the United States contends that Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default." (Id., pp. 16 – 18.) Fourth, the United States argues that Johnson does not apply on collateral review to Guideline issues. (Id., pp. 18 – 23.) Finally, the United States claims that Movant's West Virginia conviction for conspiracy to commit murder with the use of a firearm constitutes a crime of violence for purposes of satisfying the career offender guidelines. (Id., pp. 23 – 30.)

Movant, by counsel, filed his Reply on November 8, 2016. (Id., Document No. 43.) First, Movant argues that he "has no burden of production or persuasion to show that the district court previously relied upon the residual clause U.S.S.G. § 4B1.2(a) for sentencing him as a career offender in order to obtain 28 U.S.C. § 2255 relief from an unlawfully imposed sentence." (Id., pp. 1 – 5.) Second, Movant contends that his Section 2255 Motion is timely because it was filed within one year of the Supreme Court's decision in Johnson. (Id., pp. 6 – 8.) Third, Movant argues that "[b]ased on cause and prejudice, [Movant's] § 2255 Motion is not barred by procedural default under the Supreme Court's decision in Reed v. Ross." (Id., pp. 8 – 10.) Fourth, Movant claims that Johnson applies retroactively to the Guidelines. (Id., pp. 11 – 12.) Fifth, Movant asserts that the "Supreme Court's decision in *Castleman* did not alter the

4

requirement that in order for a prior felony conviction to be considered as a 'crime of violence,' a necessary element of the offense had to include the use, attempted, or threatened use of violent, physical force." (Id., pp. 12 - 14.) Finally, Movant claims that the United States "fails to identify any legal element for [Movant's] conviction for conspiracy to commit murder which includes the use, attempted, or threatened use of violent physical force." (Id., pp. 14 – 15.)

On March 23, 2017, Movant, by counsel, filed his "Supplemental Memorandum in Support of § 2255 Motion to Correct Sentence" in light of the Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). (Id., Document No. 44.) Specifically, Movant argues that "*Beckles* applies only to the current advisory Guideline scheme." (Id.) Movant claims that because he was "sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines, *Beckles* does not resolve his pending § 2255 motion." (Id.) Movant stresses that "[i]n concluding that a defendant may not raise a vagueness challenge to the Guidelines, the [Beckles] Court repeatedly noted the advisory nature of the Guideline scheme under which Beckles was sentenced." (Id.) Movant explains that he was sentenced in 1999, when the Guidelines were mandatory. (Id.) Movant claims that "the mandatory Guideline scheme in place when [Movant] was sentenced did, in fact, 'fix' the sentence with the force of statute." (Id.) Movant, therefore, argues that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's] where the sentence was imposed under a mandatory Guideline scheme." (Id.)

On June 19, 2017, the United States filed its Response to Movant's Supplemental Memorandum. (Id., Document No. 46.) First, the United States argues that Movant's Section 2255 is untimely. (Id.) The United States explains that "the Supreme Court has not itself extended *Johnson* to mandatory guidelines, and under § 2255(f)(3), the Supreme Court itself must recognize the right that a defendant is asserting." (Id.) Second, the United States claims that

Movant's vagueness challenge to the mandatory guidelines are procedurally defaulted because Movant did not raise the issue at sentencing, on direct appeal, or in two prior Section 2255 Motions. (Id.) Third, the United States asserts that the "mandatory guidelines are not subject to vagueness challenge." (Id.) The United States argues that in Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause. (Id.) Finally, the United States contends that "no vagueness challenge would succeed here because [Movant's] predicates do not depend on the residual clause." (Id.)

On July 23, 2017, Movant filed his Reply. (Id., Document No. 47.) (Id.) First, Movant argues that his Section 2255 Motion is timely and properly filed as a second or successive motion. (Id.) Second, Movant again asserts that his claims are not procedurally defaulted. (Id.) Finally, Movant argues that the mandatory Guidelines are subject to a vagueness challenge. (Id.) Citing Beckles, Movant argues that "the void for vagueness doctrine applies not only to 'laws that *define* criminal offenses,' but to 'laws that *fix the permissible sentences* for criminal offense.'" (Id.) Movant argues that the "mandatory Guidelines did just that" by prescribing the "sentence to be imposed in a criminal case" and setting "the minimum and maximum sentences authorized by law." (Id.) Thus, Movant concludes that "[i]t is incorrect to suggest that for a provision to be subject to a vagueness challenge, it must be a statute enacted by Congress." (Id.) Movant claims that "the mandatory Guidelines 'fix[ed] the permissible range of sentences.'" (Id.) Movant explains that the "Guidelines '[had] the force and effect of law,' because § 3553(b) mandated 'that the court '*shall* impose a sentence of the kind, and with the range' established by the Guidelines, subject to departures in specific, limited circumstances.'" (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress

6

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657

7

(1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. <u>See</u> <u>Theodorou</u>, <u>supra</u>, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. <u>United States v. Richardson</u>, 195 F.3d 192 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon <u>Johnson</u>. In <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Johnson</u>, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." <u>Id.</u> On April 18, 2016, the United States Supreme Court determined that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had at least two qualifying prior convictions (a 1994 conviction for conspiracy to commit murder and a control substance offense). Movant, however, contends that his prior conviction for conspiracy to commit murder no longer qualifies as a "crime of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Subsequent to the filing of Movant's Section 2255 Motion, the United States Supreme Court issued its decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d

145 (2017). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the *advisory* Guidelines do not fix the permissible range of sentences." Id.(emphasis added) The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Notwithstanding Beckles, Movant continues to argue that he is entitled to *habeas* relief. Movant explains that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's] where the sentence was imposed under a mandatory Guideline scheme." Thus, Movant concludes that because he was "sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines, *Beckles* does not resolve his pending § 2255 motion." Therefore, Movant concludes that his Section 2255 Motion is timely under Section 2255(f)(3) and he should be resentenced based upon Johnson and Welch.

In United States v. Brown, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit specifically addressed this argument. In Brown, the petitioner requested the Court to "cobble together a right by combining *Johnson's* reasoning with that of two other Supreme Court cases, *Booker* and *Beckles*." Id. at 302. Specifically, Mr. Brown argued that the pre-*Booker*, mandatory "Sentencing Guidelines cabined a sentencing judge's discretion in a manner that raises the same concerns animating the Supreme Court's decision in *Johnson*; denying fair notice to defendants and inviting arbitrary enforcement by judges." Id. Mr. Brown then noted that "the *Beckles* Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving

10

open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." Id. The Fourth Circuit, however, concluded that Mr. Brown's argument was "self-defeating" because "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." Id. The Fourth Circuit noted that Mr. Brown could only meet the AEDPA time bar if Supreme Court precedent rendered his motion timely by recognizing a new right entitling him to relief. Id. at 299. The Fourth Circuit determined that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case" has yet recognized the specific right of a defendant to obtain relief that was sentenced as a career offender under a mandatory-Guideline regime. Id. The Fourth Circuit explained that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and it did not touch upon the residual clause of the United States Sentencing Guidelines. Id. at 303. The Fourth Circuit noted that "the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." Id. at 300. Specifically, the Fourth Circuit stated that "*Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges." Id. Thus, the Fourth Circuit determined that "*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. Accordingly, the Fourth Circuit determined that Mr. Brown "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by Petitioner remains an open question in the Supreme Court." Id. at 303.

Based upon the foregoing, the undersigned finds that Movant's Section 2255 motion

should be dismissed as untimely. See Jerecki v. United States, 2018 WL 259396 (S.D.W.Va. Jan. 2, 2018)(J. Johnston)(finding that a *Johnson* claim filed by a petitioner, who was sentenced as a career offender under the mandatory U.S.S.G., was untimely under Section 2255(f)(3)); also see United States v. Harris, 2018 WL 1586431 (D.S.C. April 2, 2018)(finding that petitioner's 2255 motion seeking to attack his sentence imposed under the mandatory Guidelines based upon *Johnson* and *Welch*, does not fall under the statute of limitations in Section 2255(f)(3)); United States v. Reyes, 2018 WL 1541983 (E.D. Va. March 29, 2018)(same). Furthermore, the undersigned finds that Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that can be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 29), **DENY as moot** the United States' Motion to Withdraw Referral to Magistrate Judge and Stay Case Pending Supreme Court Ruling (Document No. 36), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from

the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: May 9, 2018.

Omar J. Aboulhosn
United States Magistrate Judge